By the Court.
Counsel for plaintiff in error contend that Sections 6540 to 6551, General Code, inclusive, are unconstitutional, because in conflict with Sections 16 and 19 of Article I of the Constitution of Ohio and the 5th and 14th Amendments to the Constitution of the United States.
The board of county commissioners of Darke county, having actively participated in securing the appointment of four freeholders to act as arbitrators in the manner and form as provided by the statute, is not now in position to challenge the constitutionality of the act under which it jointly, with the board of county commissioners of Mercer county, invoked the jurisdiction of that court. Tone v. Columbus, 39 Ohio St., 281.
The action of the board of county commissioners of Darke county in that behalf amounted to an agreement to submit the question in dispute to the arbitration of four freeholders to be appointed by the respective courts of Mercer and Darke counties, and, in the absence of fraud, collusion, irregularity or misconduct on the part of the arbitrators, the award must stand, regardless of the constitutionality of the act under which they were appointed.
*41 The proceedings by which the amount that Darke county should pay to Mercer county has been determined, can in no way affect the landowners in Darke county. So far as they are concerned, it is the same as if the commissioners of the respective counties had met and agreed upon that amount. These landowners are in exactly the same situation as if a local ditch had been petitioned for and allowed by the board of county commissioners of Darke county, and they have the same right to be heard in reference to assessments. Lands not benefited thereby cannot be assessed therefor, nor can any lands be assessed more than they will be benefited thereby.

Judgment affirmed.

Nichols, C. J., Johnson, Donai-iue, Wanamaicer, Newman, Jones and Matthias, JJ,, concur.